IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES TIMOTHY FARROW**                                          **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:11CV197-KS-MTP**

**SOUTH MISSISSIPPI CORRECTIONAL
INSTITUTION, UNKNOWN SANDERS,
WARDEN OF SOUTH MISSISSIPPI
CORRECTIONAL INSTITUTION,
SHERIFF BERKLEY HALL, LISA
LAMBERT, and MAJOR ASHLEY**                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING SMCI

BEFORE THE COURT are *pro se* Plaintiff James Timothy Farrow's pleadings.  He is a pretrial detainee at the Marion-Walthall County Regional Correctional Facility.  He brings this action under Section 1983 for damages based on an alleged denial of 54 days of MET time during his previous incarceration at South Mississippi Correctional Institution ("SMCI").  Additionally, he challenges the conditions of his current confinement.  The Court has considered and liberally construed the pleadings.  Defendant SMCI is dismissed.

On September 27, 2011, Farrow filed the instant Complaint for damages against SMCI, Sanders, and Warden.  He alleges that, while incarcerated there during 2010, these three Defendants denied him 54 days worth of MET time.  He is not aware if this denial was ever reversed or otherwise invalidated.

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(I) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Farrow to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

      The Court notes that SMCI is named as a Defendant.  It is not a separate legal entity but is a prison facility run by the Mississippi Department of Corrections ("MDOC").  *See*, Miss. Code Ann. §§ 47-5-26(4), 47-5-108, 47-5-110(4), 47-5-1205.  Therefore, SMCI is coextensive with MDOC.

      Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are

considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDOC is considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).  Therefore, the Section 1983 claim against SMCI is dismissed.

Further, to the extent SMCI is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court."  Miss. Code Ann. § 11-46-5(4).  Therefore, the state law claim against SMCI is dismissed as well.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant South Mississippi Correctional Institution, should be and is hereby **DISMISSED WITH PREJUDICE** as to the Section 1983 claim and **DISMISSED WITHOUT PREJUDICE** as to the State law claim.

**SO ORDERED**, this the 14th day of February, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE