IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES TIMOTHY FARROW                                                    PLAINTIFF

VS.                                               CIVIL ACTION NO. 2:11cv197-MTP

UNKNOWN SANDERS, ET AL.                                              DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on May 30, 2012. Plaintiff appeared *pro se*, Tommy Goodwin appeared on behalf of Defendant Ron King, and Chad Williams appeared on behalf of Defendants Sheriff Berkley Hall, Sergeant Lynnsey Lambert, and Major Deborah Ashley. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The court's purpose in conducting the hearing is to ensure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

**JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff initially filed this action under Section 1983 for damages based on an alleged denial of 54 days of MET[2] credit during his previous incarceration at the South Mississippi Correctional Institution ("SMCI") as a

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Presumably meritorious earned time.

1

post-conviction inmate. Plaintiff subsequently amended his complaint to include claims about his prison conditions while he was housed at the Marion-Walthall Correctional Facility as a pre-trial detainee. Plaintiff testified that he is currently housed at the Hancock County Public Safety Complex.[3]

Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing;[4] accordingly, only the following claims remain pending before the court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:[5]

Plaintiff alleges a claim against Ron King and Case Manager Unknown Sanders[6] for monetary damages based on an alleged denial of 54 days of MET credit during his previous incarceration at SMCI.

Plaintiff alleges that Sheriff Berkley Hall failed to answer his grievances and denied him

---

[3]The docket reflects that Plaintiff's address is the Pascagoula Restitution Center, Post Office Box 427, 1721 Kenneth Avenue, Pascagoula, MS 39568. Plaintiff was advised to file a change of address with the clerk to reflect his current address, and was warned that his failure to do so could result of the dismissal of this action.

[4]*See Hurns v. Parker*, 165 F.3d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[5]The court makes no finding as to whether such claims are meritorious at this time. Moreover, this summary of claims is not meant to be an exhaustive recitation of the facts alleged at the hearing in support of the claims.

[6]The summons for Unknown Sanders was returned unexecuted with the notation, "MDOC is unable to verify or confirm employment of anyone by this name." *See* Return [26].

exercise.[7]

Plaintiff alleges a claim against Sergeant Lynnsey Lambert for denial of access to the courts. He claims she interfered with his grievances and requests for legal assistance and put him in the hole (lockdown) and failed to respond to his grievances. She also allegedly told staff not to communicate with him.

Plaintiff claims that Major Deborah Ashley is Sergeant Lambert's supervisor. He complained to her and she failed to take any action and refused to hear his complaints.

Plaintiff seeks monetary damages for the denial of his MET credit and for his mental distress.

**DISCOVERY AND OTHER ISSUES**

1. Plaintiff's Motion for Legal Assistance [39] is GRANTED in part and DENIED in part. Defendant Ron King is directed to provide Plaintiff with a copy of the inmate litigation manual and file a notice of service of same on or before June 15, 2012. The remaining relief requested in Plaintiff's motion is denied.

2. Plaintiff's claim for denial of access to the courts against Sheriff Berkley Hall is dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B). In order to state a constitutional violation for denial of access to the courts, Plaintiff must show a "relevant actual injury" caused by the Defendant's alleged unconstitutional conduct. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-

---

[7]Plaintiff also alleged that Sheriff Hall denied him access to the courts by denying him legal assistance, denying him a pen, paper, and forms, and by failing to answer his legal questions. As set forth below, Plaintiff failed to state a claim for denial of access to the courts against Sheriff Hall.

courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'"); *see also Cartner v. Lowndes County*, 89 Fed. App'x 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"). Plaintiff testified that he was ultimately able to bring his claims before the court, as evidenced by his presence at the omnibus hearing. Plaintiff has failed to establish that he was denied access to the courts or that he suffered an actual injury as a result of Sheriff Hall's alleged conduct.

3. The Defendants are directed to produce to Plaintiff copies of the following: any and all grievances Plaintiff filed or attempted to file while housed at the Marion-Walthall Correctional Facility; any grievances regarding the denial of his MET credit while housed at SMCI; any administrative remedy documents regarding his MET credit; any disciplinary records from the Marion-Walthall Correctional Facility; and any policies or procedures regarding legal assistance at the Marion-Walthall Correctional Facility. The Defendants are directed to produce the documents and information ordered above within thirty days and shall file a notice of service of same.

4. There are no other discovery issues pending at this time. The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rule of Civil Procedure 26(b)(1). The parties shall not propound additional discovery requests unless leave of court is requested and obtained.

5. The deadline for filing motions (other than motions *in limine*) is September 4,

2012.

6. Defendant Ron King shall file a statement with the clerk on or before June 15, 2012, providing the full name of Defendant Unknown Sanders, who Plaintiff testified was his case manager at SMCI.  Counsel for Ron King shall indicate whether he intends to enter an appearance on behalf of Unknown Sanders, and if not, shall provide the court with her last known address under seal.

7. Defense counsel confirmed the full name for Defendant Sergeant Lambert.  The Clerk of Court is directed to amend this Defendant's name on the court docket to "Sergeant Lynnsey Lambert."

8. Defense counsel confirmed the full name for Defendant Major Ashley.  The Clerk of Court is directed to amend this Defendant's name on the court docket to "Major Deborah Ashley."

9. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without further notice to Plaintiff.

SO ORDERED AND ADJUDGED this the 1st day of June, 2012.

                              s/ Michael T. Parker
                              United States Magistrate Judge