**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JAMES TIMOTHY FARROW**                                                                 **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 2:11cv197-MTP**

**UNKNOWN SANDERS, ET AL.**                                                    **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

        THIS MATTER is before the court *sua sponte* upon the Plaintiff's failure to comply with
certain orders of the court.  The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his civil
rights Complaint [1] on September 27, 2011.  Based on the record in this case and the applicable
law, the court finds that this action be dismissed without prejudice.

        Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary
authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with
any order of the court.  *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v.
Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is
necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear
their calendars of cases that have remained dormant because of the inaction or dilatoriness of the
parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases."  *Link,*
370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th
Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  This case exemplifies the
type of inaction that warrants Rule 41(b) dismissal.

        On October 2, 2012, the court attempted to serve Plaintiff with the Order [63] directing
Defendants to respond to Plaintiff's Motions to Compel [60][62] and directing Plaintiff to

---

        [1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a
defendant may move to dismiss the action or any claim against it."

respond to the Defendants' Motion to Dismiss [54] and Motion for Summary Judgment [57], and the envelope containing the service copy to Plaintiff was returned to the clerk as undeliverable, with the notations "Return to Sender, Refused, Unable to Forward" and "Released." *See* Returned Mail [68]. Likewise, the envelope containing the service copy of the Order [67] denying Plaintiff's Motions to Compel [60][62] mailed to Plaintiff on October 10, 2012, was returned as undeliverable, with the notations "Return to Sender" and "Released." *See* Returned Mail [69]. The court entered an Order to Show Cause [70] on October 29, 2012, ordering Plaintiff to file a written statement with the clerk of court on or before November 12, 2012, setting forth why this case should not be dismissed for failure to comply with the court's orders or, **alternatively** to confirm his present address or provide the clerk of court with his new address, in writing, and respond to the pending Motion to Dismiss [54] and Motion for Summary Judgment [57]. Plaintiff was warned that his failure to respond may result in this civil action being dismissed without further notice. Plaintiff failed to respond to the court's Order [70] as directed and failed to respond to the Defendants' Motions [54][57]. Moreover, the Order to Show Cause [70] was returned as undeliverable. *See* Returned Mail [71].

On November 19, 2012, Plaintiff filed a Notice of Change of Address [72]. The Clerk mailed Plaintiff copies of the court's previous Orders [63][67][70] that were returned as undeliverable, including the Order to Show Cause [70], to his new address. However, Plaintiff never responded to the Show Cause Order, and all the mail sent to the new address provided by Plaintiff was returned to the Clerk as undeliverable with the notations "No such number" and "NSA" (no such address). *See* Returned mail [73].

On December 7, 2012, the court entered a Final Order to Show Cause [74], affording Plaintiff one last opportunity to comply with the court's orders. The court ordered Plaintiff to

file a written statement with the clerk of court on or before December 21, 2012, setting forth why this case should not be dismissed for failure to comply with the court's orders or, alternatively to confirm his present address or provide the clerk of court with his new address, in writing, and respond to the pending Motion to Dismiss [54] and Motion for Summary Judgment [57] by December 21, 2012.  That deadline has passed, and Plaintiff failed to respond to the court's Order [74].

With its clear record of delay, this case may properly be dismissed under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).  The court has warned Plaintiff at least eight times that his failure to comply with this court's orders could result in dismissal.[2]  However, Plaintiff has failed to comply with the court's orders.

As Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, the court finds that this action should be dismissed.

IT IS, THEREFORE, ORDERED:

1.      That this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2.      All pending motions, including Defendants' Motion to Dismiss [54] and Motion for Summary Judgment [57], are denied as moot.

3.      A separate judgment in accordance with  Federal Rule of Civil Procedure 58 will

---

[2] *See* Orders [3][4][8][9][12][16][19][44].

3

be entered.

THIS, the 7th day of January, 2013.

s/ Michael T. Parker
United States Magistrate Judge